# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

COREY F. LEIJA
ADC #656449                                                    PLAINTIFF

V.                    CASE NO. 3:14-CV-180 DPM/BD

LARRY MILLS, et al.                                            DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation within fourteen (14) days.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background:**

Corey Leija, an Arkansas Department of Correction inmate formerly housed at the Poinsett County Detention Center, filed this case *pro se* under 42 U.S.C. § 1983, claiming that Defendants Larry Mills and Becky Hitt violated his rights by failing to provide him

with medical care. (Docket entry #4) Defendants Mills and Hitt have now moved for summary judgment on Mr. Leija's claims. (#16)

Mr. Leija responded to the motion (#20), but later asked for additional time to supplement his response. (#22) Specifically, he asked the Court to allow him to respond more fully after his release from incarceration. The Court granted Mr. Leija an additional thirty days to respond, but declined to grant him two or three months to respond. (#24)

Mr. Leija later asked that he be allowed to respond to the Defendants' motion until his release from jail on May 8, 2015. (#27) The Court granted Mr. Leija additional time, but only until April 6, 2015. (#28)

Mr. Leija again asked to delay filing a response until after his release so that he could hire a lawyer. (#29) The Defendants' motion has now been pending for nearly four months. Mr. Leija has had ample time to respond. From the response he has filed, it is clear that the material facts are not in dispute. As explained below, Defendants' motion for summary judgment (#16) should be GRANTED.

### III. <u>Discussion</u>:

    A.    Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute as to any

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B. Official-Capacity Claims

Both Defendants are employees of Poinsett County, Arkansas, so Mr. Leija's claims against the Defendants in their official capacities are, in effect, claims against Poinsett County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).

For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902–903.

3

Here, Mr. Leija has not alleged or provided any evidence that he was injured as a result of any Poinsett County custom or policy. Therefore, his claims against the Defendants in their official capacities fail as a matter of law.

    C.    Deliberate-Indifference Claim

Mr. Leija's claims arise out of a gunshot wound that he suffered several months prior to his incarceration at the Poinsett County Detention Center ("Detention Center"). In his complaint, he alleges that he suffered from serious headaches while at the Detention Center that he believes were caused by bullet or glass fragments that remained in his head after the bullet was removed. He explains that, prior to his incarceration, he was scheduled to have an x-ray performed, but did not have transportation to attend the appointment. (#17-2) He alleges that he submitted multiple sick-call requests to Detention Center officials about his headaches, but was never examined by a physician.

Determining whether an official was deliberately indifferent to an inmate's medical needs involves both objective and subjective analyses. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). To prevail, Mr. Leija first must establish that he suffered from an objectively serious medical need. *Id*. at 340. Because Defendants do not argue that Mr. Leija suffered from a serious medical need, the Court will turn to the subjective component of the deliberate-indifference standard.[1]

---

[1] Mr. Leija was a pre-trial detainee at the time this lawsuit was filed, so his deliberate-indifference claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment.

4

For Defendants to be liable, Mr. Leija must show that the Defendants "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Leija must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark*., 746 F.3d 384, 387 (8th Cir. 2014)(quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). He must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997). Based on the undisputed evidence, no reasonable jury could find that the Defendants acted with deliberate indifference to Mr. Leija's medical needs.

According to the undisputed evidence, on June 9, 2014, Mr. Leija was booked into the Detention Center. (#17-1 at p.1) On June 26, 2014, he submitted his first medical request form, as well as a grievance, requesting to be seen by a doctor due to headaches. (#17-2; #17-3) Notations on Mr. Leija's medical request form indicate that an appointment was scheduled with Dr. Houchin for August 12, 2014. (*Id*.)

Mr. Leija then filed another medical request form on July 7, 2014, again complaining of headaches. (#17-5) Again, Mr. Leija's medical request form indicates that he was scheduled to be examined on August 12, 2014. (*Id*.) Although Mr. Leija continued to file similar medical request forms, he received similar responses noting his upcoming doctor's appointment. (#17-6) He filed the pending complaint on July 23, 2014.

5

On August 12, 2014, Dr. Houchin examined Mr. Leila and diagnosed headaches and a ruptured eardrum. (#17-7) Dr. Houchin prescribed Anaprox, Amitriptyline, and Ibuprofen. (#17-7 at p.1) Dr. Houchin's report does not indicate that any foreign object was found in Mr. Leija's head, and no medical procedures were performed.

Defendants also attach the affidavit of Defendant Hitt to their motion. (#17-8) Defendant Hitt explains that Mr. Leija was seen several times by the jail nurse during his incarceration at the Detention Center, and that Defendant Hitt had no reason to believe that Mr. Leija was not receiving adequate medical attention. (#17-8 at p.1) She also explains that the nurses schedule inmates' appointments, which are based on the physicians' availability. (*Id*.)

Finally, Defendants produce excerpts from Mr. Leija's responses to their discovery requests. According to those responses, Mr. Leija never had any conversation with either Defendant concerning his need for medical treatment. (#17-9 at p.2)

Based on this undisputed evidence, the Court cannot conclude that either Defendant acted with deliberate indifference to Mr. Leija's medical needs. Even assuming that both Defendants read the medical request forms and grievances that Mr. Leija submitted, those forms indicate that a medical appointment was scheduled for Mr. Leija the first time that he complained of headaches. Mr. Leija might have not been examined as quickly as he would have preferred, but the six-week delay in his appointment with Dr. Houchin does not rise to the level of deliberate indifference. *Johnson v. Hamilton*, 452 F.3d 967 (8th Cir. 2006) (one-month delay in providing x-ray

of fractured finger did not amount to deliberate indifference). Mr. Leija has not presented any evidence indicating that the delay in seeing a doctor was the result of any intentional conduct by either Defendant.

Because Mr. Leija has failed to show any dispute of material fact on this issue, Defendants are entitled to judgment as a matter of law.

## IV. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#16) be GRANTED. Mr. Leija's claims should be DISMISSED, with prejudice.

DATED this 15th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE